

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, 7th floor
Newark, New Jersey 07102

973-645-2700

KPO/PL AGR
2012R00641

April 23, 2015

James R. Lisa, Esq.
618 Newark Avenue
Newark, NJ 07306

  Re: <u>Plea Agreement With Patrick Elfers</u>

Dear Mr. Lisa:

  This letter sets forth the plea agreement between your client, Patrick Elfers, and the United States Attorney for the District of New Jersey ("this Office"). This plea agreement will expire at close of business on **May 4, 2015.**

<u>Charge</u>

  Conditioned on the understandings specified below, this Office will accept a guilty plea from Patrick Elfers to a one–count information which charges him with conspiring to violate the Lacey Act, contrary to Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(1)(B), in violation of Title 18, United States Code, Section 371, from in or about December 2011 to in or about March 2014. If Patrick Elfers enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Patrick Elfers for conspiring to illegally traffic in state-protected turtles, making false statements to government agents, or obstruction of justice from in or about December 2011 to in or about March 2014. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Patrick Elfers may be commenced against him, notwithstanding the expiration of the limitations period after Patrick Elfers signs the agreement.

Sentencing

The violation of Title 18, United States Code, Section 371 to which Patrick Elfers agrees to plead guilty carries a statutory maximum prison sentence of five years, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Patrick Elfers is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Patrick Elfers ultimately will receive.

Further, in addition to imposing any other penalty on Patrick Elfers, the sentencing judge: (1) will order Patrick Elfers to pay an assessment of $100, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Patrick Elfers to pay restitution, pursuant to 18 U.S.C. § 3663 *et seq.*; (3) must order forfeiture pursuant to 16 U.S.C. § 3374 and 28 U.S.C. § 2461; and (4) pursuant to 18 U.S.C. § 3583, may require Patrick Elfers to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Patrick Elfers be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Patrick Elfers may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Fine

Patrick Elfers agrees, pursuant to Title 16, United States Code, Section 3375(d), to pay a fine in the amount of $30,450, representing the cost of the care and housing of 40 turtles of varying lifespans forfeited by Patrick Elfers as part of this plea agreement. Payments of the fine shall be made by certified or bank check, payable to the Lacey Act Reward Account, pursuant to 16 U.S.C.

§ 3775(d), with the criminal docket number noted on a cover letter and the face of the check, and delivered to the following address:

> United States Fish and Wildlife Service
> Division of Financial Management / Denver Operations
> Cost Accounting
> P.O. Box 272065
> Denver, CO 80227
> FUND - 122X
> Organizational Code – 99000

Patrick Elfers shall also complete a financial statement form acceptable to the United States prior to sentencing to be reviewed by the Financial Litigation Unit ("FLU") of this Office.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Patrick Elfers by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Patrick Elfers's activities and relevant conduct with respect to this case.

Stipulations

This Office and Patrick Elfers agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Patrick Elfers from any other portion of this

agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Patrick Elfers waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

As part of his acceptance of responsibility, Patrick Elfers admits the forfeiture allegations of the Information and agrees to forfeit to the United States, pursuant to 16 U.S.C. § 3374 and 28 U.S.C. § 2461, all wildlife imported, exported, transported, sold, received, acquired or purchased contrary to the provisions of 16 U.S.C. § 3372 and the regulations issued pursuant thereto, or a conspiracy to commit such offense, as charged in the Information, namely:

1) 27 Eastern Box Turtles (including 10 currently in his possession);
2) 1 Florida Box Turtle;
3) 3 Three-toed Box turtles;
4) 5 Gulf Coast Box Turtles;
5) 4 North American Wood Turtles;
6) 1 Desert Tortoise; and
7) 12 Dead/Decayed Turtle Shells (Miscellaneous Species)

(collectively, the "Forfeited Wildlife").

Patrick Elfers consents to the forfeiture of all his right, title and interest in the Forfeited Wildlife and further agrees to waive all interest in the Forfeited Wildlife in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Patrick Elfers agrees to consent to the entry of orders of forfeiture for Forfeited Wildlife and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Patrick Elfers understands that the Forfeited Wildlife is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this

pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

Patrick Elfers hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Patrick Elfers further agrees to relinquish to U.S. Fish and Wildlife Service upon execution of this agreement the 10 Eastern Box Turtles currently in his possession and subject to forfeiture, as described above. He also agrees, at such time, to abandon to U.S. Fish and Wildlife Service any additional turtles and tortoises in his possession, including three Gulf Coast Box Turtles, one African Spur Thigh Tortoise, and one Elongated Tortoise.

Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense may result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

As part of this acceptance of responsibility, Patrick Elfers agrees that as a condition of any term of probation or supervised release imposed by the Court as part of his sentence, he will not possess or use any computers, smartphones or connected devices at any location, including his residence, and that he will refrain from directing any other individual to access or utilize a computer on his behalf. Patrick Elfers further agrees that he will be responsible for removing any and all such internet connectivity devices from his residence.

Patrick Elfers further agrees that as a condition of any term of probation or supervised release imposed by the Court that he will not reside in any house, apartment, or living quarters in which turtles are present.

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Patrick Elfers. This agreement does not prohibit the United States, any agency thereof (including U.S. Fish and Wildlife Service and the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Patrick Elfers.

No provision of this agreement shall preclude Patrick Elfers from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Patrick Elfers received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between Patrick Elfers and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

> Very truly yours,
>
> PAUL J. FISHMAN
> United States Attorney
>
> *[signature]*
> By: Kathleen P. O'Leary
> Assistant U.S. Attorney

APPROVED:
*[signature]*
Joseph G. Mack
Deputy Chief
Health Care and Government Fraud Unit

      I have received this letter from my attorney, James R. Lisa, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, fine, stipulations, waiver, forfeiture and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____    Date: 4/29/15
Patrick Elfers

      I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, fine, stipulations, waiver, forfeiture and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____    Date: 4/29/15
James R. Lisa, Esq.

Plea Agreement With Patrick Elfers

## Schedule A

1.    This Office and Patrick Elfers recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Patrick Elfers nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Patrick Elfers within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Patrick Elfers further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2.    The version of the United States Sentencing Guidelines effective November 1, 2014 applies in this case. The applicable guideline is U.S.S.G. § 2Q2.1. This guideline carries a Base Offense Level of 6.

3.    Specific Offense Characteristic § 2Q2.1(b)(1)(A) applies because the offense was committed for pecuniary gain. This Specific Offense Characteristic results in an increase of 2 levels.

4.    Specific Offense Characteristic § 2Q2.1(b)(2)(B) applies because the offense involved wildlife that created a significant risk of infestation or disease transmission potentially harmful to wildlife. This Specific Offense Characteristic results in an increase of 2 levels.

5.    Specific Offense Characteristic § 2Q2.1(b)(3)(B)(ii) applies because the offense involved wildlife (*i.e.*, the Desert Tortoise) that is listed as threatened by the Endangered Species Act (as set forth in 50 C.F.R. Part 17). This Specific Offense Characteristic results in an increase of 4 levels.

6.  Patrick Elfers willfully obstructed and impeded, and attempted to obstruct and impede, the administration of justice during the course of the investigation of the offense of conviction, pursuant to U.S.S.G.§ 3C1.1. This results in an increase of 2 levels.

7.    As of the date of this letter, Patrick Elfers has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Patrick Elfers's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

8.    As of the date of this letter, Patrick Elfers has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying

authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the court to allocate their resources efficiently. At sentencing, the Government will move for a further 1-point reduction in Patrick Elfers's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Patrick Elfers enters a plea pursuant to this agreement, (b) the Government in its discretion determines that Patrick Elfers's acceptance of responsibility has continued through the date of sentencing and Patrick Elfers therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Patrick Elfers's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Patrick Elfers is 13 (the "agreed total Guidelines offense level").

10. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 13 is reasonable.

11. Patrick Elfers knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 13. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total offense level of 13. The parties have reserved any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

12. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.